UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JACQUELINE M.,[1]

                                       Plaintiff,              Case # 24-CV-182-FPG

v.                                                               DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                       Defendant.

## INTRODUCTION

Plaintiff Jacqueline M. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), requesting that the case be remanded either for the calculation of benefits or for further administrative proceedings. ECF No. 13. The Commissioner confesses error and moves to remand for further proceedings. ECF No. 20. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is GRANTED IN PART, and this matter is remanded for further administrative proceedings.

## BACKGROUND

In February 2016, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 144. She alleged disability since February 2015 due to a number of physical and mental impairments. *Id.* In June 2018, Administrative Law Judge William M. Weir issued a

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 5-8.

1

decision finding that Plaintiff was not disabled. Tr. 180-90. In February 2019, the Appeals Council remanded the matter back to Judge Weir, concluding that Judge Weir had failed to consider recent treatment records. Tr. 195-98. In January 2020, Judge Weir issued a new decision finding that Plaintiff is not disabled. Tr. 22-39. In October 2020, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. On appeal, the SSA stipulated to a remand for further proceedings. Tr. 2325-27. The Appeals Council directed that Plaintiff's substance abuse and psychotherapy records be more fully evaluated. Tr. 2330-33. In November 2023, Administrative Law Judge Stephan Bell (the "ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 2242-53. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

## II.    Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform

alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 2244. At step two, the ALJ found that Plaintiff has severe impairments of lumbar spine sciatica, complex regional pain syndrome, bipolar disorder, post-traumatic stress disorder, and alcohol and substance abuse disorder. *Id.* At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any Listings impairment. Tr. 2245.

Next, the ALJ determined that Plaintiff retains the RFC to perform a reduced range of sedentary work. Tr. 2247. At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 2251. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 2251-52. The ALJ therefore found that Plaintiff was not disabled. Tr. 2252.

### II. Analysis

Plaintiff argues that remand is warranted because (1) the vocational expert provided inconsistent testimony regarding the availability of employment in light of Plaintiff's RFC; (2) the ALJ failed to abide by the Appeals Council's direction to obtain certain psychotherapy records; and (3) the ALJ failed to properly evaluate the medical opinions. *See generally* ECF No. 13-1. The Commissioner agrees that the case must be remanded for further proceedings because there is

"missing mental health treatment evidence" that the ALJ neglected to obtain. ECF No. 20 at 8. Plaintiff responds that the case should be remanded solely for calculation of benefits.

The Court declines to remand solely for the calculation of benefits. That remedy is only appropriate where "the record [] provides persuasive proof of disability and a remand for further evidentiary proceedings would serve *no purpose*." *Demars v. Comm'r of Soc. Sec.*, 841 F. App'x 258, 263 (2d Cir. 2021) (summary order) (emphasis added). This may occur if there is "no apparent basis to conclude that a more complete record might support the Commissioner's decision," *Gibbons v. Comm'r of Soc. Sec.*, No. 22-2730, 2023 WL 3830774, at *4 n.3 (2d Cir. June 6, 2023) (summary order), but if there are "gaps in the administrative record," remand for "further development of the evidence" is warranted, *Michaels v. Colvin*, 621 F. App'x 35, 38 (2d Cir. 2015) (summary order).

In this case, Plaintiff agrees with the Commissioner that the ALJ failed to develop the record with respect to her psychotherapy records. *See* ECF No. 13-1 at 22-25. Because the extent of Plaintiff's mental impairments is "not at all clear" from the current record, further factual development would "plainly help to assure the proper disposition of [her] claim," and remand for further proceedings is "appropriate." *Rosa*, 168 F.3d at 83. Moreover, as Plaintiff points out, the vocational expert provided confusing, inconsistent responses regarding the availability of work in light of Plaintiff's social limitations, *see* ECF No. 13-1 at 20-22, which could be clarified on remand.[3] *Cf. Gibbons*, 2023 WL 3830774, at *2-3 (conflict between vocational expert's testimony and the Dictionary of Occupational Titles justified remand for further proceedings). And there are

---

[3] Plaintiff contends that remand for calculation of benefits is warranted because the vocational expert's testimony could be construed to exclude competitive employment. *See* ECF No. 21 at 3-4. But, as Plaintiff acknowledges, the testimony was inconsistent on that point—which is why a remand for further clarification, not benefits, is warranted. *See Gibbons*, 2023 WL 3830774, at *4 n.3.

internal inconsistencies in the medical opinion of treating source Adeel Amir, D.O., which might, at the ALJ's discretion, merit clarification. *See* ECF No. 13-1 at 27; Tr. 2235-2238.

In arguing for remand solely for the calculation of benefits, Plaintiff emphasizes the extensive delays associated with her case. *See* ECF No. 21 at 1-3. The Court shares Plaintiff's concerns, but the Second Circuit has held that "delay alone" is not a "sufficient basis on which to remand solely for benefits." *Mariani v. Colvin*, 567 F. App'x 8, 11 n.3 (2d Cir. 2014) (summary order). That said, the Court agrees with Plaintiff that an expedited timeline is warranted to ensure the timely resolution of her claim. *See* ECF No. 21 at 4-5; *see also Brandon C. v. Comm'r of Soc.*, No. 21-CV-159, 2023 WL 8020257, at *3 n.10 (N.D.N.Y. Nov. 20, 2023 ) (collecting cases for the proposition that "courts frequently impose a deadline on the Commissioner to make a final decision" to alleviate the hardship associated with the "painfully slow" administrative process).

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion to Remand (ECF No. 20) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 13) is GRANTED IN PART. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner shall conduct and complete remand proceedings—including the issuance of a final decision—by August 25, 2025. By August 27, 2025, the Commissioner shall file a status report confirming the final adjudication of Plaintiff's application for benefits. The Clerk of Court shall enter judgment and close the case.

IT IS SO ORDERED.

Dated: April 25, 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York